## Christian C. Lasman, Appellant, v. Daisy Harmon Harts et al., Appellees.

### Gen. No. 22,469.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. FRED-ERICK A. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed October 31, 1917. Rehearing denied November 17, 1917.

### Statement of the Case.

Bill by Christian C. Lasman, complainant, against Daisy Hanson Harts, Edwin B. Harts and A. A. Kuhn, defendants, to enjoin the enforcement of a judgment. The property was thereafter sold by the sheriff under the judgment upon condition that complainant pay the purchaser, within 15 days, the amount which the latter paid for the premises, and, in case of complainant's failure to do so, the bill would be dismissed. After-wards complainant filed a supplemental bill setting up such facts and moved that the sale be set aside. The case was heard before the chancellor and a decree entered setting aside the sale as above stated on the ground that complainant occupied the premises as a homestead and that the sheriff did not comply with the law as to setting off the homestead before making the sale. From the decree setting aside the sale, complainant appeals. The same facts are involved as in *Harts v. Lasman, ante,* p. 137.

Q. J. CHOTT, for appellant; FRANK H. CULVER, of counsel.

EDWIN B. HARTS, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. EQUITY, § 553*—*when incorporation of findings of fact in decree is not ground for reversal.* Where a bill and supplemental bill ask for relief and such relief is awarded by the decree, the incorporation of findings of fact in the decree is not ground for reversal.

2. JUDGMENT, § 606*—*right to revive by scire facias.* The holdings of *Harts v. Lasman, ante,* p. 137, as to the right to revive by scire facias the judgment involved, followed.

3. JUDGMENT, § 618*—*when validity of in scire facias proceedings to revive may not be attacked.* On a bill to enjoin the enforcement of a judgment, complainant cannot bring in question the validity of the judgment in a scire facias proceeding to revive the former judgment.

4. APPEAL AND ERROR, § 494*—*when objection cannot be raised on appeal.* Objection that a default was entered while defendant had pleas on file which had not been disposed of cannot be first raised on appeal.

5. JUDGMENT, § 360*—*when error in entering by default cannot be corrected.* Error in entering judgment by default while defendant still had· pleas on file which had not been disposed of cannot be corrected by a court of chancery on a proceeding to enjoin the enforcement of the judgment.

6. APPEAL AND ERROR, § 1258*—*when party cannot complain of any error in decree for sale of property under judgment.* Where a decree for the sale of property under a judgment does not require defendant to pay the amount of the judgment but only the amount for which the property should be sold, he cannot complain that the decree did not allow credit for a payment made before the decree was entered, where the amount for which the property was sold was less than the amount of the judgment after deducting the credit claimed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.